IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERTO ROMERO, ISRAEL PINA, MIGUEL FLORES, and ISRAEL BELLO on behalf of themselves and other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| ACTIVE ROOFING COMPANY, INC. | ) ) ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Alberto Romero, Israel Pina, Miguel Flores, and Israel Bello (hereafter "Plaintiffs") on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendant Active Roofing Company, Inc., (hereafter "Defendant") state as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's: 1) failure to pay Plaintiffs at least the federally and Illinois-mandated minimum wages for all time worked in violation of the FLSA and the IMWL; and 2) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL. Defendant's unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their earned and living wages. For the claims arising under the FLSA, Plaintiffs brings this suit as a

collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiffs consent to represent is attached hereto as Exhibit A.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

## III. PARTIES

**Plaintiffs**

3. During the course of their employment, each Plaintiff:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, and the IMWL;

   c. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

      c. Has had two or more employees that have handled goods that have moved in interstate commerce;

      d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*.

## FACTUAL BACKGROUND

5. Within the three years prior to the filing of this lawsuit, Plaintiffs were employed by Defendant to work as roofers for Defendant's business.

6. Within the three years prior to the filing of this lawsuit, Defendant regularly suffered or permitted Plaintiffs to work but Defendant failed to pay Plaintiffs for all compensable time. For example:

      a) Plaintiffs were regularly not compensated for work performed at Defendant's business at the start of their shift;

      b) Plaintiffs were regularly not paid for compensable travel time to and from Defendants primary place of business and the different work sites.

      c) Plaintiffs were regularly not compensated for work performed at Defendant's business at the end of their shift.

7. Defendant's failure to compensate Plaintiffs for all compensable work time resulted in the Plaintiffs being paid less than the federal and Illinois minimum wage rates for all time worked.

8. Defendant's failure to compensate Plaintiffs for all compensable work time resulted in Plaintiffs not being paid for all time worked in excess of forty (40) hours per individual work week at time and a half Plaintiffs' regular rate of pay.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs will seek to certify as class actions pursuant to FRCP Rule 23 their state law claims arising under the IMWL for minimum wages (Count II), and for overtime wages (count IV). Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

10. Counts II, and IV, are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendant has employed in excess of hundred (100) individuals as employees during the IMWL, Class Period.

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

   i. Whether Defendant failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        iii.      Whether Defendant failed to pay Plaintiffs and the Class minimum wages for all time worked during individual work weeks

    c.    The class representatives and the members of the class have been equally affected by Defendant's failure to pay overtime wages, minimum wages.

    d.    Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

    e.    The class representatives, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

11. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Minimum Wages
*Section 216(b) Collective Action*

12. Plaintiffs incorporate and re-allege paragraphs 1 through 11 of this Complaint, as though set forth herein.

13. The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the FLSA.

14. Defendant suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but did not compensate them at least at the federal minimum wage rate for all time worked.

15. Defendant likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendant but did not compensate them at least at the federal minimum wage rate for all time worked.

16. Plaintiffs and other similarly situated employees were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

17. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees at least at the federal minimum wage rate for all time worked.

18. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid minimum wages;

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
**Violation of the Illinois Minimum Wage Law- Minimum Wages**
*Plaintiffs on behalf of themselves and similarly situated employees*

19. Plaintiffs incorporate and re-allege paragraphs 1 through 18 of this Complaint, as though set forth herein.

20. The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the IMWL. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

21. Defendant suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but were not compensated at least the Illinois-mandated minimum wages for all time worked.

22. Defendant likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendant but did not compensate them at least at the Illinois minimum wage rate for all time worked.

23. Pursuant to 820 ILCS 105/4, Plaintiffs and similarly situated employees were entitled to be compensated the Illinois-mandated minimum wages for all time worked.

24. Defendant violated the IMWL by failing to compensate Plaintiffs and similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

25. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

26. The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since February 12, 2012 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

27. Plaintiffs incorporate and re-allege paragraphs 1 through 26 of this Complaint, as though set forth herein.

28. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

29. Defendant suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

30. Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

31. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

32. Defendant violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT IV
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

34. Plaintiffs incorporate and re-allege paragraphs 1 through 33 of this Complaint, as though set forth herein.

35. The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

36. Defendant suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

37. Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked

38. Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

39. Defendant violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs' regular rate of pay.

40. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

41. The Class that Plaintiffs seek to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since February 12, 2012 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 12, 2015

s/Christopher J. Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiffs' Attorneys