**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALBERTO ROMERO, ISRAEL PINA, MIGUEL FLORES, and ISRAEL BELLO, and JESUS AGUILAR, on behalf of themselves and other similarly situated persons, known and unknown, <br><br>      Plaintiffs, <br><br> v. <br><br> ACTIVE ROOFING COMPANY, INC., and JOSEPH CAROLAN <br><br>      Defendant. | No. 1:15-CV- 01347 <br><br> Magistrate: Hon. Susan Cox |

**ORDER GRANTING PRELIMINARY APPROVAL**

Alberto Romero, Israel Pina, Miguel Flores, Israel Bello, and Jesus Aguilar (collectively, "Plaintiffs", on behalf of themselves and other similarly situated persons (the "Class") have moved for preliminary approval of a proposed class action settlement. After reviewing the Parties' proposed Class Action Settlement Agreement ("Agreement"), together with the proposed Class Notice, Claim Form and other attachments thereto, as well as the Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1.      The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the Agreement is fair, reasonable and adequate.  The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval and finds that the proposed Settlement Class is proper and should be provisionally certified. The following Settlement Class is hereby provisionally certified for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23 as follows: "All roofers and laborers employed by Defendants on an hourly basis for the period from February 12, 2012, to July 1, 2016." Solely for the purposes of settlement, the Court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of Federal Rules of Civil Procedure 23(b)(3). Certification of the Class for settlement purposes is the best means of protecting the interests of all of the Class Members.

3. Solely for the purposes of the proposed Settlement, the Court preliminarily approves Christopher J. Williams and Alvar Ayala of Workers' Law Office, P.C. as Class Counsel. The Court also hereby preliminarily approves the Plaintiffs as the Class Representatives.

4. The Court appoints Settlement Services, Inc., as the Settlement Administrator.

5. The Court approves, as to form and content, the proposed Class Notice attached to the Agreement. The Court finds that the procedures for notifying the Class about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

6.    A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on November 22, 2016, at 10:00 a.m., in Courtroom 1019 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court.

7.    No later than 7 days after the Court enters the Preliminary Approval Order, Defendant shall deposit the half of the Settlement Amount or Two Hundred and Twenty-Two Thousand Five Hundred Dollars Settlement Amount ($222,500.00) into the Settlement Account. No other funds shall be added to or comingled with the Settlement Account. In no event shall the Settlement Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Account except as expressly provided in the Agreement.

8.    No later than seven (7) calendar days prior to the Final Approval Hearing, Defendants shall transmit the remaining fifty percent (50%) of the Settlement Amount by wire transfer to the Settlement Administrator for deposit into the Settlement Account.

9.    With respect to the Settlement Account, the Settlement Administrator shall comply with all of the duties and requirements set forth in the Agreement and applicable federal, state, and local law.

10.    The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

11.    The following schedule shall govern the issuance of notice:

a. By September 9, 2016, the Settlement Administrator shall mail notice of the proposed settlement and a claim form to Class Members (First Mailing);

b. If any of the notices to class members are returned as undeliverable and a forwarding address is provided by the U.S. Postal Service then within 30 days after the First Mailing, the Settlement Administrator will promptly conduct a second mailing as provided in the Settlement Agreement between the Parties;

c. Class Members will have until 60 days after the date of the First Mailing to return their claim forms or to opt-out utilizing the procedure stated in the proposed class notice.

d. No Class Member shall purport to exercise any exclusion rights of any other person, or purport to opt-out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

e. Within twenty-one (21) days of the Claim Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

12. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, Plaintiffs and all Class Members and anyone acting on behalf of any Class member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the Released Claims are asserted, or which in any way would prevent any such claims from being extinguished.

13. All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all agreements, determinations and judgments in the Lawsuit concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including the release of his or her claims as defined in the Parties' Settlement Agreement.

14. All Class Members who wish to receive settlement proceeds must complete and mail the Claim Form to the Settlement Administrator no later than the Claim Deadline, as specified in the Agreement. Any Class Member who does not submit a complete and timely Claim Form will not receive a Settlement Payment and shall be bound by all agreements, determinations and judgments in the Lawsuit concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including the release of his or her claims as defined in the Parties' Settlement Agreement.

15. All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline. The written objection must be sent to the Settlement Administrator and postmarked on or before this date.

16. Any Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for

Exclusion to the Settlement Administrator no later than the Claim Deadline, as specified in the Agreement.

17. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Lawsuit should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Class Member has, no later than the Claim Deadline, served by first class mail on the Settlement Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement unless otherwise ordered by the Court.

18. In the event that the Effective Date (as explained in the Agreement) does not occur, the Settlement and the Agreement shall be deemed null and void and shall have no effect whatsoever.

19. The Parties are ordered to carry out the Settlement according to the terms of the Agreement.

20. To the extent any prior order of this Court related to this Court action is inconsistent with the activities contemplated by the Agreement, said orders are hereby modified

so as to allow the activities contemplated by the Agreement until such time as the Settlement is finally approved or deemed null and void.

IT IS SO ORDERED.

Dated this 26 day of August, 2016

_____
JUDGE SUSAN COX
U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS