IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERTO ROMERO, ISRAEL PINA, MIGUEL FLORES, and ISRAEL BELLO, and JESUS AGUILAR, on behalf of themselves and other similarly situated persons, known and unknown,<br><br>              Plaintiffs,<br><br>v.<br><br>ACTIVE ROOFING COMPANY, INC., and JOSEPH CAROLAN<br><br>              Defendant. | No. 1:15-CV- 01347<br><br>Magistrate: Hon. Susan Cox |

## **FINAL APPROVAL ORDER**

The Parties having appeared before the Court on November 29, 2016, for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Unopposed Motion for Final Approval of Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises,

It is hereby ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b), including all members of the Settlement Class, preliminarily certified for settlement purposes only by Order dated August 26, 2016 (Dkt. No. 102) ("Preliminary Approval Order"), and defined as follows:

> All individuals who worked in excess of 40 hours for Defendant on an hourly basis for the period from February 12, 2012 through July 1, 2016.

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ.

P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, the manner in which their economic recovery would be calculated if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of resources available to them to obtain additional details on this case and the Class Action Settlement, including Class Counsel's telephone number. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. Rules 23(c)(2)(B) and 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; the Total Settlement Amount of Four Hundred Forty Five Thousand and 00/100 Dollars ($445,000.00) is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached pursuant to arms-length negotiations between the Parties; the support for the Settlement expressed by Class Counsel and counsel for Defendants, who both have significant experience representing parties in complex class actions, including those involving wage and

-2-

hour claims, weighs in favor of approval of the Settlement; the absence of any putative Class Members filing objections to the Settlement and of any Class Member opting out of the settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. As identified by the Plaintiffs' Unopposed Motion for Final Approval and supporting Memorandum of Law, the Court finds that there were zero objections made to this Settlement and zero individuals requested exclusion from the Settlement Class.

6. Class Members who filed a valid and timely claim form, or any valid late claim forms otherwise mutually accepted by the parties prior to the date of this Order, shall each receive their pro rata share of the net Class Settlement Fund in accordance with the calculations set forth in the Settlement Agreement.

7. Payments to each Named Plaintiff in the amount of One Thousand Five Hundred Dollars and No Cents ($1,500.00) as payments for service to the Class are approved and shall be awarded to named Plaintiffs Alberto Romero, Israel Pina, Miguel Flores, Israel Bello and Jesus Aguilar, pursuant to the terms of the Settlement Agreement. Further, an additional payment in the amount of Four Thousand and No Cents ($4,000.00) to each Named Plaintiff is approved as payment for executing a general release of claims against Defendants, pursuant to the terms of the Settlement Agreement. Within fourteen (14) calendar days of Final Approval and full execution of the Settlement Agreement by Plaintiffs, the Claims Administrator shall deliver these payments to Class Counsel for distribution to each of the Named Plaintiffs.

8. Class Counsel is awarded One Hundred Two Thousand Three Hundred Fifty and

00/100 Dollars ($102,0350.00), which constitutes 23% of the Total Settlement Amount and 25.5.8% of the amount of the benefit to the Class, for attorneys' fees and litigation expenses in this matter. Within fourteen (14) calendar days of Final Approval and full execution of the Settlement Agreement by Plaintiffs, the Claims Administrator shall make this payment to Class Counsel pursuant to the Settlement Agreement.

9. In accordance with the Settlement Agreement, within fourteen (14) calendar days of the Final Approval of the Settlement Agreement by Plaintiffs, the Claims Administrator in this matter shall mail to each Claimant, at his or her last-known address, a check representing the net Settlement Payment.

10. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without costs to any of the Parties as against any other settling Party, except as otherwise provided in the Settlement Agreement.

11. Any Class Member who did not timely submit a Request for Exclusion from this Settlement fully releases and discharges Defendants from any and all claims that were asserted in this action, as set forth in the Settlement Agreement.

12. Class Members who did not submit Claim Forms as of the date of this Order are not entitled to participate in the monetary portion of the Settlement, but are barred from pursuing any and all claims against Defendants that were asserted in this action. These individuals release and discharge Defendants from all such claims, as set forth in the Settlement Agreement.

13. The Court grants final approval of the Settlement and all of its terms. This matter is dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

14. The Clerk is directed to enter judgment consistent with this order and close this file.

-4-

ORDERED this 28th day of November, 2016 in Chicago, Illinois

                                                                                                         _____
                                                                                                          THE HONORABLE SUSAN COX
                                                                                                         UNITED STATES MAGISTRATE JUDGE